UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELENA STRUJAN,

                Petitioner,

  - against -

OFFICE OF NEW YORK STATE GOVERNOR, *et al.*,

                Respondents.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-1566 (RRM) (SMG)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      Petitioner Elena Strujan, appearing *pro se*, filed this application for a writ of habeas corpus. The Court grants Strujan's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purposes of this Order. The petition is dismissed as set forth below.

## BACKGROUND

      Strujan brings this petition seeking habeas corpus relief because she is dissatisfied with the course of Fair Hearing proceedings before the Office of Temporary and Disability Assistance concerning the payment of storage fees. (Pet. (Doc. No. 1) at 12–20.) Strujan also refers to a judge's order from 2009, but does not identify the judge or provide a case number for the action. This submission is similar to Strujan's other habeas corpus petition filed on February 2, 2017, *see Strujan v. Glencord Building Corp.*, No. 17-CV-629 (RRM) (seeking habeas relief for a civil action filed under case number 18853/2009), and other complaints she filed in this Court challenging her eviction and other matters. *See Strujan v. Cuomo*, No. 16-CV-5418 (RRM) (SMG) (complaint dismissed for failure to state a claim); *Strujan v. Fiden & Norris, LLP*, No. 16-CV-4365 (RRM) (SMG) (complaint dismissed for failure to state a claim); *Strujan v. DeBlasio*, No. 16-CV-3150 (RRM) (SMG).

**DISCUSSION**

The Judiciary Act of 1789, ch. 20, § 14, 1 Stat. 73, 81–82, conferred jurisdiction upon federal courts to issue writs of habeas corpus to prisoners in the custody of the United States. *See McCleskey v. Zant*, 499 U.S. 467, 477–78 (1991). That grant of jurisdiction is presently codified at 28 U.S.C. § 2241, which permits federal courts to entertain habeas corpus petitions from prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

Because Strujan is not being held in custody, habeas corpus relief is not appropriate or available in this matter. *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cty., Cal.*, 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."); *see also Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 515–16 (1982) (affirming denial of writ of habeas corpus filed by mother who lost parental rights); *Moore-Beidl v. Beaudoin*, 553 F. Supp. 404, 406 (N.D.N.Y. 1981), *aff'd*, 697 F.2d 294 (2d Cir. 1982) (habeas corpus relief denied to petitioner who was not in custody). Strujan seeks the Court's intervention in Fair Hearing decisions issued by the Office of Temporary and Disability Assistance, which is not a proper basis for habeas corpus relief. Since the petition is devoid of any basis in law or fact, defects that cannot be cured by amendment, the petition is dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Even if Strujan's pleading were construed as a civil complaint, this case would be dismissed. The Court is required to dismiss an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

Some of the defendants named in plaintiff's pleading either enjoy immunity or are not suable entities. First, with respect to David A. Corson and Michael Friedman – both of whom are alleged to be judges – the Court notes that Strujan cannot proceed against any state or administrative judges because judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages" (citation omitted)); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." (internal quotation marks omitted) (quoting *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009))); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Second, the New York State Office of Temporary and Disability Assistance ("OTDA") enjoys immunity from Strujan's claims for money damages and retrospective relief. "The Eleventh Amendment generally bars suits in federal court by private individuals against non-consenting states." *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015) (citing *Port Authority Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)). "This immunity from suit encompasses not just actions in which a state is actually named as a defendant, but also certain actions against state agents and instrumentalities, including actions for the recovery of money from the state." *Id.* (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)).

Third, Strujan cannot proceed against the New York City Human Resources Administration ("HRA") and the Queens Job Center. Section 396 of the Charter of the City of New York provides that "[a]ll actions and proceedings for the recovery of penalties for the

3

violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 17 § 396. That provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir. 2008) (*per curiam*); *Cincotta v. New York City Human Res. Admin.*, No. 00-CV-9064 (JGK), 2001 WL 897176, at *10 (S.D.N.Y. Aug. 9, 2001) (HRA not a suable entity).

Strujan's complaint does not state a claim with respect to the remaining defendants. Although a *pro se* plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In this case, Strujan's pleading does not suggest a federal claim. Her pleading lists various criminal statutes which defendants allegedly violated. However, a plaintiff "cannot initiate the arrest or prosecution of an individual in this Court because 'the decision to prosecute is solely within the discretion of the prosecutor.'" *Rodriguez v. DeRienzo*, No. 20-CV-0087 (CM), 2020 WL 615052, at *2 (S.D.N.Y. Feb. 7, 2020) (quoting *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981)); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

The complaint also alleges the violation of three civil statutes: 42 U.S.C. §§ 1983, 1986,

4

and 2000a. "To state a claim under 42 U.S.C. § 1983 a plaintiff must allege conduct that deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States; and that the conduct complained of was committed by a person acting under the color of law." *Melendez v. Lawlor*, No. 96-CV-1198 (BSJ), 1999 WL 111932, at *2 (S.D.N.Y. Mar. 3, 1999) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). With respect to many of the individual defendants, plaintiff's complaint merely lists the defendant and their addresses, without alleging which are state actors. Even if the Court were to assume that those defendants with addresses in the State Agency Building in Albany are state actors, the allegations in the pleading do not suggest that these individuals were personally involved in violations of plaintiff's federal constitutional or statutory rights. For example, Strujan cannot proceed against Governor Andrew Cuomo, former Governor David Patterson, or the Office of the Governor as she has not alleged their personal involvement in any proceedings.

To state a claim under 42 U.S.C. § 1986, a plaintiff must first allege a valid § 1985 claim – a conspiracy to interfere with civil rights. *See Dacey v. Dorsey*, 568 F.2d 275, 277 (2d Cir.), *cert. denied*, 436 U.S. 906 (1978); *Billups v. Millet*, 91-CV-6326 (DAB), 1996 WL 99399, at *7 (S.D.N.Y. Mar. 6, 1996). As plaintiff has neither explicitly asserted a claim under § 1985 nor alleged facts that would support a § 1985 cause of action, his § 1986 claim is dismissed. *See Dacey*, 568 F.2d at 277; *see also Shabazz*, 1998 WL 901737, at *3 (listing elements of § 1985 claim).

Finally, 42 U.S.C. § 2000a prohibits discrimination or segregation in places of public accommodation. Plaintiff does not allege that she is a member of a protected class or that she was subjected to discrimination on account of that fact.

**FILING INJUNCTION WARNING**

"The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (outlining factors to be considered in imposing filing injunction); *see also Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005); 28 U.S.C. § 1651(a). A district court may not impose a filing injunction without first providing the litigant with notice and an opportunity to be heard. *Iwachiw v. N.Y.S. Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005).

Not only has Strujan filed at least five actions in this Court,[1] she also files numerous submissions within each action that she entitles, for example, "Notice to the Court Regarding Trespass Done by Defendant." Along with the initial pleading, these numerous submissions cause a strain on judicial resources. For example, in *Strujan v. Fiden & Norris, LLP, et al.*, No. 16-CV-4365 (RRM) (SMG), Strujan filed over 50 documents *after* the case was closed. In *Strujan v. Cuomo, et al.*, No. 16-CV-5418 (RRM) (SMG), Strujan filed over 35 documents *after* the case was closed.

In light of the significant Court resources that have been expended in processing Strujan's submissions, the Court hereby warns Strujan that if she continues to file similar

---

[1] *See Strujan v. DeBlasio, et al.*, No. 16-CV-3150 (RRM) (SMG); *Strujan v. Fiden & Norris, LLP, et al.*, No. 16-CV-4365 (RRM) (SMG) (closed Mar. 8, 2017); *Strujan v. Cuomo, et al.*, No. 16-CV-5418 (RRM) (SMG) (closed Mar. 8, 2017); *Strujan v. Glencord Building Corp.*, No. 17-CV-629 (RRM); *Strujan v. Storage Fox Self-Storage LIC*, No. 18-CV-4620 (RRM) (SMG).

submissions, she shall be – upon notice and an opportunity to be heard – enjoined from filing any future *in forma pauperis* action without first obtaining the Court's permission.

## CONCLUSION

For the reasons set forth above, Strujan's petition for a writ of habeas corpus is dismissed. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To the extent Strujan intended to file a civil action, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is respectfully directed to enter judgment against Strujan, to mail a copy of that judgment and this Order to petitioner Strujan, to note the mailing on the docket sheet, and to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      May 19, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge